# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RHINEHART, | CASE NO. 1:10-cv-00869 GSA PC |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UPON |
| v. | WHICH RELIEF CAN BE GRANTED |
| K. HARRINGTON, et al., | (Doc. 1) |
| Defendants. | |

### Screening Order

**I.   Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1  Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions. Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (512) (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkewicz, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (209), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949, quoting Twombly, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief,'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555-56 (internal quotation marks and citations omitted). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his claim.

**II.  Plaintiff's Claim**

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Salinas Valley State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at Kern Valley State Prison. The events that give rise to this lawsuit occurred while Plaintiff was housed at Kern Valley State Prison. Plaintiff names as defendants Warden K. Harrington and Appeals Coordinator D. Tarnoff.

Plaintiff's sole allegation is that defendants have refused to process his inmate appeals. Specifically, Plaintiff has submitted six "formal complaints" to defendants regarding "them and other correctional officers" at Kern Valley State Prison. (Compl. ¶ IV.) Plaintiff alleges that defendants have refused to process and investigate these complaint as they are statutorily required to do. Plaintiff alleges that the grievances seek redress for harassment and retaliation suffered by Plaintiff.

### A. Inmate Appeals

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actors knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743.44).

Inmates have no liberty interest in the processing of an inmate appeal because inmates lack a separate constitutional entitlement to a specific prison grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). The failure to timely process inmate appeals pursuant to state prison regulations is not an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Nor does the delay, denial, or screening-out of Plaintiff's inmate appeals, even if erroneous, result in an "atypical and significant hardship". Plaintiff has no protected liberty interest in the vindication of his administrative claims. Plaintiff cannot, therefore state a claim for relief against defendants on this claim.

### III. Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court must provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court, Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Here, however, the Court finds that Plaintiff cannot cure the deficiency. The only conduct charged to the defendants is that they refused to process Plaintiff's inmate grievances. Plaintiff has no protected liberty interest in the processing of his grievances. Plaintiff cannot, therefore, amend the compliant to state a claim for relief. Further,

1  Plaintiff may not change the nature of this suit by adding new, unrelated claims, such as the
2  underlying retaliation, in an amended complaint. Fed.R.Civ.P. 18(a).
3       Accordingly, based on the foregoing, it is HEREBY ORDERED that this action is dismissed,
4  with prejudice, for failure to state a claim upon which relief can be granted. The Clerk is directed
5  to close this case.

9     IT IS SO ORDERED.
10     Dated:   **December 3, 2010**           /s/ **Gary S. Austin**
                                                                      UNITED STATES MAGISTRATE JUDGE