# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MICHAEL RHINEHART,                          1:10-cv-00869-GSA-PC

       Plaintiff,

       vs.                                 ORDER DENYING PLAINTIFF'S MOTION
                                             FOR RECONSIDERATION
                                             (Doc. 10.)
K. HARRINGTON, et al.,

       Defendants.

_____/

## I.     BACKGROUND

Michael Rhinehart ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  On July 28, 2010, Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1).  (Doc. 6.)  On December 10, 2010, Plaintiff filed a motion for reconsideration of the undersigned's order dismissing this action for failure to state a claim.  (Doc. 8.)

## II.    MOTION FOR RECONSIDERATION

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks

and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

The basis for Plaintiff's present motion is his disagreement with the Court's decision entered on December 3, 2010, which dismissed this action for failure to state a claim.  Plaintiff argues that this case should be reopened because he is entitled to due process rights in the processing of his inmate appeals.  However, the Court explained in its order that inmates have no liberty interest in the processing of an inmate appeal, because inmates lack a separate constitutional entitlement to a specific prison grievance procedure, and therefore Plaintiff is unable to state a claim based on the allegations in his complaint.  (Order dismissing action, Doc. 8 at 3:12-13.)  Plaintiff has not shown clear error or other meritorious grounds for relief, and has therefore not met his burden as the party moving for reconsideration.  Marlyn Nutraceuticals, Inc., 571 F.3d at 880.  Plaintiff's disagreement is not sufficient grounds for relief from the order.  Westlands Water Dist., 134 F.Supp.2d at 1131.

**III.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on December 10, 2010, is DENIED.


IT IS SO ORDERED.

**Dated:   May 24, 2011**          _____/s/ **Gary S. Austin**_____
                                            UNITED STATES MAGISTRATE JUDGE