# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RHINEHART,<br><br>  Plaintiff,<br><br>  vs.<br><br>K. HARRINGTON, et al.,<br><br>  Defendants.<br>_____/ | 1:10-cv-00869-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION, WITH PREJUDICE<br>(Doc. 12.) |

**I.   BACKGROUND**

Michael Rhinehart ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On July 28, 2010, Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 6.) On December 10, 2010, Plaintiff filed a motion for reconsideration of the undersigned's order dismissing this action for failure to state a claim. (Doc. 8.) On May 25, 2011, the Court denied the motion for reconsideration. (Doc. 11.) On June 7, 2011, Plaintiff filed a second motion for reconsideration, which is now before the Court. (Doc. 12.)

**II.   MOTION FOR RECONSIDERATION**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d

737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff requests the Court to vacate the judgment of December 3, 2010, reopen the case, and allow him leave to amend the complaint.  Plaintiff offers no basis for his motion except for "fairness and justice" because he "has no attorney and must prosecute this case alone." (Motion, Doc. 12 at 1.)  As such, Plaintiff has not shown clear error or other meritorious grounds for relief, and has therefore not met his burden as the party moving for reconsideration.  Marlyn Nutraceuticals, Inc., 571 F.3d at 880.  Therefore, Plaintiff's second motion for reconsideration shall be denied, with prejudice.

### III.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's second motion for reconsideration, filed on June 7, 2011, is DENIED with prejudice; and
2. No further motions for reconsideration shall be filed or entertained in this action.

IT IS SO ORDERED.

Dated:   **June 9, 2011**             /s/ **Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE